IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
CASE NO.: 3:12-cv-504-J-32-TEM

MICHAEL HARRISON,

    Plaintiff,

vs.

CREDIT FIRST NATIONAL and
ALLIANCEONE RECEIVABLES
MANAGEMENT, INC.,

    Defendants.

_____/

**DEFENDANT ALLIANCEONE RECEIVABLE'S MOTION TO DISMISS OR, ALTERNATIVELY, FOR A MORE DEFINITIVE STATEMENT AND MEMORANDUM OF LAW**

Defendant, ALLIANCEONE RECEIVABLES ("ALLIANCEONE"), through its undersigned counsel, moves this Court to dismiss the Complaint filed by Plaintiff, MICHAEL HARRISON pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure as Plaintiff has failed to state a claim against ALLIANCEONE upon which relief can be granted. Alternatively, ALLIANCEONE moves this Court for a more definitive statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure because Plaintiff's Complaint is so vague, ambiguous and unintelligible that ALLIANCEONE cannot reasonably be required to frame a responsive pleading.

    **A. Plaintiff's Complaint.**

On April 2, 2012, the County Court granted the Plaintiff's Motion for Leave to Amend the Complaint which allowed Plaintiff to add a count for a violation of the

Telephone Consumer Protection Act (TCPA) against AllianceOne.[1] The Amended Complaint alleges that AllianceOne violated the TCPA in attempting to collect an unpaid debt from Plaintiff. However, the vagueness of the Complaint has created confusion regarding the specific claims being asserted against ALLIANCEONE.

Plaintiff alleges that "Pursuant to the Agreement or contract between CFNA and AllianceOne, AllianceOne's system did not reflect that Mr. Harrison was represented by counsel" *See* Amended Complaint at Paragraph 19. It is unclear what the statement means and there is no agreement attached to the Complaint which would support this assertion.

Count II of the Complaint also alleges that the Defendant called the Plaintiff's cellular phone at least "10 times" and that these cell calls were made using "automatic dialing equipment", however; the Plaintiff does not provide a time frame for these phone calls and does not even provide partial numbers of the cell phone so that AllianceOne can properly respond.[2]

The Plaintiff in Count IV requests injunctive relief and claims that Mr. Harrison will be "irreparably damaged" should the defendants "continue their illegal and harassing communications". The Plaintiff does not describe how he has been damaged or how the alleged "continued harassment" will damage him.

Plaintiff's Complaint when read in parts or as a whole, fails to allege any facts whatsoever which could support any cause of action against ALLIANCEONE. Moreover, the Complaint fails to provide notice to ALLIANCEONE as to what it

---

[1] The Order gave the Defendant 30 days to respond to the Amended Complaint.
[2] It must also be noted that the AllianceOne Receivables has prepared an affidavit which was filed in the County Case which specifically denies that automatic dialing equipment was used on this account.

allegedly did wrong and fails to state how and/or why ALLIANCEONE may be liable to Plaintiff.  The Complaint should therefore be dismissed.

### B.  Legal Standard.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a plaintiff set forth a "short and plain statement of the claim showing that the pleader is entitled to relief…."  According to the United States Supreme Court, a complaint's statement of claim "must simply give defendant fair notice of what plaintiff's claim is and grounds upon which it rests…." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-515, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002).   "The purpose of Rule 8 'is to avoid situations wherein a pleading is so verbose that the court cannot identify with clarity claims of pleader and adjudicate such claims understandingly on merits.'" *Dismuke v. Florida Board of Governors*, 2005 WL 1668895, Case no. 8:05-cv-340 (July 8, 2005)(Kovachevich, J.), *citing, Harrell v. Directors of Bureau of Narcotics & Dangerous Drugs*, 70 F.R.D. 444, 446 (E.D. Tenn. 1995).

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) must be granted when it appears that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *See, Millburn v. United States*, 734 F. 2d 762, 765 (11th Cir. 1984).  While a court must accept the facts pleaded as true and must resolve them in the light most favorable to the plaintiff, a court can only do so when a plaintiff actually pleads relevant facts and relates those facts to a claim for relief.  *See, Ancata v. Prison Health Svcs. Inc.,* 769 F. 2d 700 (11th Cir. 1985).

Rule 12(e) permits a party to move for a more definite statement if a complaint "is so vague or ambiguous that the party cannot reasonably prepare a response." *Id.*

Plaintiff here has set forth no facts that would entitle him to relief against AllianceOne. AllianceOne's Motion to Dismiss should be granted, and Plaintiff's suit dismissed. Alternatively, AllianceOne's Motion for a More Definite Statement should be granted.

### C. Legal Arguments.

#### i) Count I fails to Allege Sufficient Facts to Support a Cause of Action against ALLIANCEONE

In Count I, Plaintiff alleges "Pursuant to the agreement of contract between CFNA and AllianceOne, CFNA or its computer system provides AllianceOne or its computer system with information regarding a consumer upon assignment of that consumer's account to AllianceOne" See Amended Complaint, Paragraph 16. The Plaintiff also alleges, in Count I , " Pursuant to the agreement or contract between CFNA and AllianceOne, AllianceOne's system did not reflect that Mr. Harrison was represented by counsel. *See* Amended Complaint, Paragraph 19.

Absent from Count I is any legal support as how these allegations violate the law. Moreover, although the Count is titled "Unlawful Collection Practices by AllianceOne", the body of the count is unclear on whether the Plaintiff is asserting a claim against CFNA for its failure to provide information to AllianceOne about representation or whether Plaintiff is asserting a claim against AllianceOne for not knowing that the Plaintiff was represented. Also to the extent that Plaintiff is attempting to allege that AllianceOne contacted Plaintiff after having knowledge that the Plaintiff was represented by counsel; the Amended Complaint does not state a cause of action under the FCCPA as he never states that ALLIANCEONE had knowledge that the Plaintiff was represented by counsel and that Plaintiff provided counsel's name or address to AllianceOne.

      ii) <u>Count I Impermissibly Alleges Multiple Causes of Action against in a Single Count.</u>

As detailed more fully below, it is unclear whether Count I applies to AllianceOne and if so, what cause or causes of action Plaintiff is pursuing against AllianceOne. To the extent Plaintiff is suing both Defendants in Count I, the court must order Plaintiff to provide a more definite statement setting forth separate counts against each Defendant. *See, Wackenhut Services, Inc. v. Artman Studios*, Inc., 08-80956-CIV, 2009 WL 3028308 (S.D. Fla. Sept. 17, 2009)("Artman shall re-plead counts one through five to avoid having multiple types of copyright infringement pled against multiple defendants in a single count.")

Moreover, the Plaintiff has impermissibly pleaded multiple causes of action in one count. *See*, *Fed. Ins. Co. v. Bonded Lightning Prot. Sys., Inc.*, 07-80767-CIV, 2008 WL 5111260 (S.D. Fla. Dec. 3, 2008).

In Count I, Plaintiff alleges that AllianceOne ( or perhaps CFNA) violated the provisions of the FCCPA Florida Statutes sections 559.72 (7), (9) and (18).

Each sub-paragraph of these statutes contains distinct prohibitions. To prove his claim under 559.72(7) Plaintiff would need to demonstrate that AllianceOne did "Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family".

Absent from the Complaint are any facts that would support a finding of a violation by AllianceOne of this section.

To prove his claim under 559.72 (9) Plaintiff would need to demonstrate that AllianceOne did "Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist".

Absent from the Complaint are any factual allegations that <u>any</u> of the Defendants threatened the Plaintiff.

To prove his claim under 559.72 (18) Plaintiff would need to demonstrate that AllianceOne did " Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication".  Absent from the Complaint are any factual allegations support this claim.

As each provision has distinct elements of proof, Plaintiff cannot simply lump together multiple causes of action against Defendants in a single count.  As such, the Complaint must be dismissed and Plaintiff ordered to file a more definite statement.

      iii. <u>Count II fails to state a cause of action</u>.

As discussed above, Count II of the Complaint alleges that the Defendant called the Plaintiff's cellular phone at least "10 times" and that these cell calls were made using "automatic dialing equipment" however; the Plaintiff does not provide a time frame for

6

these phone calls and does not even provide partial numbers of the cell phone so that AllianceOne can properly respond.[3]

      iv. <u>Count VI (sic) is improperly numbered and also fails to statue a cause of action.</u>

Count VI is improperly numbered and also requests injunctive relief and claims that Mr. Harrison will be "irreparably damaged" should the defendants "continue their illegal and harassing communications". The Plaintiff does not describe how he has been damaged or how the alleged "continued harassment" will damage him.

  **D.  Conclusion.**

As detailed above, Plaintiff's Complaint fails to state a cognizable cause of action against ALLIANCEONE and therefore, it must be dismiss.  Alternatively, the Court must order Plaintiff to file an amended complaint, compliant with the  Rules of Civil Procedure, so that ALLIANCEONE can properly plead his defenses and be on fair notice of the claims against it.

  WHEREFORE, Defendant ALLIANCEONE, respectfully requests an Order from this Court dismissing the Complaint against him with prejudice, or in the alternative, requiring Plaintiff to file an amended complaint in compliance with the Federal Rules of Civil Procedure.

---

[3] It must also be noted that the AllianceOne Receivables has prepared an affidavit which was filed in the County Case which specifically denies that automatic dialing equipment was used on this account.

        Respectfully submitted by:

        /s/ Dale T. Golden
        **GOLDEN & SCAZ, PLLC**
        Dale T. Golden, Esquire
        FBN:  0094080
        201 North Armenia Avenue
        Tampa, FL  33609
        Phone:  813-251-5500
        Fax:  813-251-3675
        Email: dale.golden@goldenscaz.com
        Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 2, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF.  I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        /s/ Dale T. Golden
        Dale T. Golden, Esquire