**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MICHAEL HARRISON,

                    Plaintiff,

-vs-                                                    CASE NO.  3:12-cv-504-J-32TEM

CREDIT FIRST NATIONAL and
ALLIANCEONE RECEIVABLES
MANAGEMENTS, INC.,

                    Defendants.
_____

# O R D E R

This case is before the Court on Defendant AllianceOnce Receiveables, Inc.'s Motion to Strike Second Amended Complaint and Suggestion of Mootness (Doc. #8), filed May 29, 2012.  Plaintiff has not filed a response in opposition to the Motion and the time for doing so has expired.

Plaintiff filed his initial complaint in state court on September 19, 2011.  On March 8, 2012, Plaintiff filed a motion for leave to amend the complaint in the state court, which was granted on April 2, 2012.  Defendant removed the matter to federal court on April 30, 2012 (Doc. #1), and filed a motion to dismiss on May 2, 2012 (Doc. #4).  Thereafter, Plaintiff filed a Second Amended Complaint (Doc. #6) and a pleading titled, "Plaintiff's Suggestion that Alliance One's Motion to Dismiss is Moot" (Doc. #7) on May 16, 2012. Defendant filed the instant motion to strike the Second Amended Complaint on the ground that Plaintiff filed it without leave of the Court.

Plaintiff's filing of the Second Amended Complaint fails to comply with the requirements of either the Federal Rules of Civil Procedure or the Local Rules of the Middle

District of Florida.  A plaintiff is allowed to amend his complaint once as a matter of course. Fed. R. Civ. P. 15(a).  Because Plaintiff filed an amended complaint in state court prior to removal to this Court, Plaintiff already exhausted his one-time right to amend.  Thus, Plaintiff could not file the Second Amended Complaint without obtaining the opposing party's written consent or leave of the Court.  *See Manzano v. Metlife Bank N.A.*, No. Civ. 2:11-651-WBS-DAD, 2011 WL 2080249, at *2-3 (E.D. Cal. May 25, 2011) (noting plaintiff could not file second amended complaint without leave where first amended complaint was filed in state court); *Yazdanpanah v. Sacramento Valley Mortg. Grp.*, No. C 09-02024 SBA, 2009 WL 4573381, at *1 (N.D. Cal. Dec. 1, 2009) (noting plaintiff exhausted one-time right to amend by filing an amended complaint in state court prior to removal); *Howell v. City of Fresno*, No. CV-F-07-371 OWW/TAG, 2007 WL 1501844, at *2 (E.D. Cal. May 23, 2007) (finding plaintiff had already exhausted right to amend once as a matter of course in state court and striking second amended complaint filed without leave).

Accordingly, it is hereby **ORDERED**

1.   Defendant's Motion to Strike Second Amended Complaint and Suggestion of Mootness (Doc. #8) is **GRANTED**.

2.  The Second Amended Complaint (Doc. #6) and the Suggestion of Mootness (Doc. #7) are ordered **STRICKEN** from the record.  Additionally, any responses required to be filed because of the stricken document will not be required and will also be stricken.

3.  Plaintiff shall have fourteen (14) days from the date of this Order in which to file a response to the motion to dismiss or an appropriate motion to amend in compliance with the Federal Rules of Civil Procedure and the Local Rules for the Middle District of Florida.

**DONE AND ORDERED** at Jacksonville, Florida this 18th day of June, 2012.


_____
THOMAS E. MORRIS
United States Magistrate Judge

Copies to:
All Counsel of Record
Pro se parties, if any